IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

FILED
JAN 2 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| In Re: UNITED GOVERNNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO. 52, Serve: UGSOA 8620 Wolff Court, Suite 210 Westminster, CO 80031<br><br>and<br><br>UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, INTERNATIONAL UNION 8620 Wolff Court, Suite 210 Westminster, CO 80031<br><br>Plaintiffs/Petitioners,<br><br>-vs-<br><br>ELAINE CHAO, Secretary, U.S. Department of Labor (in her official capacity) 200 Constitution Avenue, N.W. Washington, D.C. 20210<br><br>and<br><br>PAUL DECAMP, Administrator, Wage and Hour Division U.S. Department of Labor (in his official capacity) 200 Constitution Avenue, N.W. Washington, D.C. 20210<br><br>and<br><br>MICHAEL CHERTOFF Secretary, U.S. Department of Homeland Security, (in his official capacity) U.S. Department of Homeland Security | CASE NUMBER  1:07CV00173<br><br>JUDGE: Colleen Kollar-Kotelly<br><br>DECK TYPE: Administrative Agency Rev<br><br>DATE STAMP: 01/24/2007<br><br>JURY ACTION |

1

|  |  |
|---|---|
| Washington, D.C. 20528 | ) |
| | ) |
| and | ) |
| | ) |
| PAUL R. DURETTE, | ) |
| Acting Director, Federal Protective | ) |
| Service, U.S. Department of Homeland | ) |
| Security (in his official capacity) | ) |
| U.S. Department of Homeland Security | ) |
| Washington, D.C. 20528 | ) |
| | ) |
| and | ) |
| | ) |
| U.S. PROTECT, INC., | ) |
| Serve: Richard C. Norman | ) |
|       801 Roeder Road, Suite 1000 | ) |
|       Silver Spring, MD 20910 | ) |
| | ) |
|       Defendants/Respondents. | ) |

## COMPLAINT

## INTRODUCTION

Now come the United Government Security Officers of America, International Union ("UGSOA"), and its Local No. 52 ("UGSOA Local 52"), Plaintiffs/Petitioners in the above captioned action, and hereby petition this Court for a Writ of Mandamus to compel Elaine Chao, the Secretary of the Department of Labor ("Chao"), Paul DeCamp, the Director of the Department of Labor's Wage and Hour Division of the Employment Standards Administration, in his or her official capacity, Michael Chertoff, the Secretary of the Department of Homeland Security ("Chertoff"), the Director of the Department of Homeland Security's Division of Federal Protective Service and Immigration and Customs Enforcement, in his or her official capacity, and U.S. Protect, Inc., to enforce and/or comply with the Decision and Order ("Decision") entered in Case No. 2006-CBV-00002 dated March 7, 2006.

2

## JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1361 and 28 U.S.C. §1331, and venue is proper in the U.S. District Court for the District of Columbia.

## STATEMENT OF FACTS

2. UGSOA Local 52 and the UGSOA International Union are the certified bargaining unit representative for employees of U.S. Protect who provide security services at various federal facilities in the vicinity of San Diego, California.

3. Since on or about September 2003 the members of UGSOA Local 52 employed by U.S. Protect have been providing services for various federal facilities in the vicinity of San Diego, California. The responsibility for the administration of the service contract under which U.S. Protect provides these services rests with the Federal Protective Service, part of the Department of Homeland Security ("DHS").

4. UGSOA Local 52 filed a petition for a hearing under the provisions of subsection 4( c ) of the Service Contract Act, 41 U.S.C. § 353, concerning wages paid to its members pursuant to a CBA between UGSOA Local 52 and U.S. Protect.

5. On or about December 14, 2005, the Deputy Administrator of the Employment Standards Administration issued an Order of Reference pursuant to the provisions of 29 C.F.R. §4.10(c ) and thereby transmitted the request to the Office of Administrative Law Judges for a hearing.

6. On or about January 10, 2006, all interested persons, including U.S. Protect and DHS were informed that a pre-hearing conference and a hearing would be held in San Diego on February 8, 2006.

7. On or about February 8, 2006, a wage variance hearing was held in San Diego, California on the petition filed by UGSOA Local 52 in accordance with Part 4, Section 4.10, of Title 29 C.F.R., and Part 6 of the same Title. Upon convening the hearing, UGSOA Local 52 presented its witnesses and exhibits and thereafter on or about February 25, 2006, submitted its post hearing brief. The only party entering an appearance at the hearing was the petitioner, UGSOA Local 52.

8. On or about March 7, 2006, Administrative Law Judge Paul A. Mapes ("ALJ") issued his Decision and Order, granting Plaintiffs request for a finding that the wages paid to its bargaining unit members in San Diego, California substantially varied from prevailing wages paid in that locality. Accordingly, ALJ Mapes issued an Order requiring that: "Pursuant to the provisions of 29 C.F.R. §4.163(c), the Administrator of the Department of Labor's Wage and Hour Division is hereby directed to promptly issue a new wage determination in accordance with this Decision and Order."

9. Neither U.S. Protect nor the DHS filed an appeal of the ALJ's Decision.

10. After the ALJ issued his Decision and Order, the UGSOA and UGSOA Local 52 contacted Dennis Morrison, Divisional Director for the Department of Labor in San Diego regarding enforcement of the Order, who upon inquiry was advised that the DOL would not enforce the Decision and Order.

11. In April, 2006, James D. Carney, Senior Vice President of the UGSOA International Union, contacted Mr. Morrison regarding enforcement of the Order and was told to contact Bonnie Burnish, Wage Specialist for the San Francisco Regional office of the Department of Labor. Mr. Carney called Ms. Burnish who agreed that the Order should be

enforced but stated that Department of Labor personnel in Washington, D.C. would have to approve enforcement of the Order.

12. In June, 2006, Mr. Carney contacted William W. Gross in Washington D.C., the Director for the DOL Office of Wage Determinations regarding enforcement of the Decision. Mr. Gross advised Mr. Carney that the Order should be enforced and assured him that the DOL would pursue enforcement against the contracting agency, the Department of Homeland Security.

13. During the balance of 2006, both Mr. Carney and Mr. Hough spoke with various representatives from the both the DOL and DHS regarding enforcement of the Decision. To date, neither the DOL nor DHS have agreed to either comply with and/or enforce the Decision and Order.

14. Plaintiffs' attempts to seek compliance from the service contractor, U.S. Protect, Inc., have failed as it insists it will not and cannot comply with the Decision until a directive is given by the DOL and/or DHS that it must do so.

15. The Service Contract Act ("SCA") requires, pursuant to 41 U.S.C. §§ 351(a)(1), (a)(2), that every federal government contract in excess of $2,500.00 for a principal purpose of procuring services must contain a provision specifying the minimum hourly and fringe benefit amounts that are to be paid to the various categories of service employees working under such contracts. These minimum wage and fringe benefits are predetermined by the Wage and Hour Division of the Employment Standards Administration, which has been designated by the Secretary of Labor to administer the SCA.

16. The DOL and the Administrator of the DOL Wage and Hour Division have a statutory obligation to issue a directive to the DHS to comply with the Decision and to take any and all actions necessary to ensure compliance with the Decision by all interested parties.

17. The DHS has a statutory obligation to direct its service contractor, U.S. Protect, that its wages must be increased pursuant to the Decision; U.S. Protect has an equal obligation, regardless of the actions of DHS or the DOL, to comply with the Decision.

18. Plaintiffs have a clear right to the relief requested and the Defendants have a clear duty to act. Moreover, there is no other adequate remedy available to the Plaintiff and the requested relief will provide full relief as to the subject matter in question.

19. Plaintiffs have been damaged by the actions of the Defendants and will continue to incur damages and have no other adequate remedy available to them other than the requested writ of mandamus. Plaintiff has exhausted all available avenues of relief and the Defendants owe Plaintiffs a clear nondiscretionary duty to enforce and comply with the Decision.

## COUNT I

20. Plaintiffs hereby reasserts and reincorporates the allegations listed in Paragraphs 1-19 above as if fully set forth below.

21. On or about March 7, 2006, Plaintiffs received a lawful, final decision in Case No. 2006-CBV-00002 finding a substantial wage variance and ordering that a new wage determination be issued and thereby implemented providing them higher wages. Defendants Chao and DeCamp had a clear, non-discretionary duty to enforce the decision and failed to execute that legal duty. Defendants Chertoff, Durette and U.S. Protect had a clear, non-discretionary duty to adopt and implement the final decision and failed to execute that legal duty.

22. Plaintiffs have exhausted all administrative remedies and have no adequate remedy other than appealing to this Court for an order in the nature of mandamus to compel Defendants to enforce and execute the final decision in substantial variance case, Case No. 2006-CBV-00002.

23. As the result of Defendants' wrongful actions, Plaintiffs have suffered damages through lost wages and benefits and expenses in bringing this action.

## PRAYER

Accordingly, the Plaintiffs pray for the following relief:

A. Plaintiffs request that the Court issue forthwith and with haste a writ of mandamus directing the DOL and its Director of the Wage and Hour Division of the Employment Standards Administration to comply with and enforce the Decision;

B. Plaintiffs request that the Court issue forthwith and with haste a writ of mandamus directing the DHS and its Director of Federal Protective Service and Immigration and Customs Enforcement to comply with and enforce the Decision;

C. Plaintiffs request that the Court issue forthwith and with haste an appropriate order directing U.S. Protect to comply with the Decision;

D. Plaintiffs request an award of pre- and post- judgment interest on their damages from the date of the ALJ Decision through full compliance by the Defendants with the same;

E. Plaintiffs request an award of all attorneys' fees and costs incurred by Plaintiffs in this matter; and

F. Plaintiffs request an award of any and all other relief the court may deem appropriate, be it legal or equitable.

## REQUEST FOR JURY TRIAL

Plaintiffs request a jury trial for all such matters triable.

Respectfully submitted,

/s/ *[signature]*
_____
Leslie Deak, Esq. [PA0009]
**Law Offices of Leslie Deak**
1200 G Street, N.W.
Suite 800, No. 099
Washington, D.C. 20005
deaklaw@comcast.com


/s/
_____
John A. Tucker (0052055 - OH. S.Ct.)
**John A. Tucker Co., L.P.A.**
1 South Main Street, Suite 301
Akron, Ohio 44308
Phone: (330) 253-7100
Fax:    (330) 253-2500
jatucker@jatuckerlaw.com


ATTORNEYS FOR PLAINTIFFS,
INTERNATIONAL UNION, UGSOA and
UGSOA LOCAL 52

8

# CIVIL COVER SHEET

JS-44
(Rev. 2/01 DC)

## I (a) PLAINTIFFS

United Government Security Officers of America/
Local Union 52                                88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
    (EXCEPT IN U.S. PLAINTIFF CASES)

## (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Leslie Deak, Law Offices of Leslie Deak
1200 G St., N.W., Suite 800, No. 099
Washington, D.C. 20005  tel.: (512) 322-3911

## DEFENDANTS

Elaine Chao, Paul DeCamp, Michael Chertoff, Paul
Durette, and U.S. Protect, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: In land condemnation cases, use the location of the tract of land involved.

CASE NUMBER  1:07CV00173

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Administrative Agency Rev

DATE STAMP: 01/24/2007

JURY ACTION

## II BASIS OF JURISDICTION (SELECT ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP (FOR DIVERSITY)

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Select one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ⊙ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes:**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Plaintiffs bring action in nature of mandamus to force Defendants to enforce and execute a final agency decision. 28 USC 1331

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Select YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instruction)  ☐ YES  ☒ NO   If yes, please complete related case form.

DATE January 24, 2007    SIGNATURE OF ATTORNEY OF RECORD /s/

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.