**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re: UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO.52, *et al*,<br><br>               Plaintiff,<br><br>   *v*.<br><br>ELAINE CHAO, Secretary U.S. Department of Labor, *et al*,<br><br>               Defendant. | Case No. 1:07CV00173-CKK |

**Defendant USProtect Corporation's Motion to Dismiss
for Lack of Subject Matter Jurisdiction and Failure to
State a Claim upon which Relief Can Be Granted**

Pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, Defendant USProtect Corporation[1] ("USProtect"), through the undersigned counsel, respectfully requests dismissal with prejudice of all claims against it because this Court lacks subject matter jurisdiction over the Complaint (at least with respect to USProtect) and the Complaint fails to state a claim upon which relief can be granted (at least with respect to USProtect). Specifically, this action is brought pursuant to the writ of mandamus statute at 28 U.S.C. § 1361; however, that law only grants the Court the right to issue a writ of mandamus against officers of the United States, which USProtect is not. Also, the Court does not have subject matter jurisdiction vis-à-vis USProtect because the Complaint is an improper attempt to bring a private enforcement action under the Service Contract Act, 41 U.S.C. § 351 *et seq.* ("SCA"), when it is well established that there is no private right of action under the SCA. Finally, the Complaint attempts to enforce directly against USProtect an order issued by a U.S. Department of Labor

---

[1] The Defendant is incorrectly identified in the Complaint as "U.S. Protect, Inc."

-2-

("DOL") Administrative Law Judge ("ALJ") against the DOL itself, despite the fact that USProtect was not a party to the underlying ALJ proceeding and is not subject to the ALJ order.

A Memorandum of Points and Authorities in support of the foregoing motion is attached.

    Respectfully submitted,

    EPSTEIN BECKER & GREEN, P.C.

    /s/ Shlomo D. Katz
    Shlomo D. Katz (D.C. Bar No. 436030)
    Daniel B. Abrahams (D.C. Bar No. 375334)
    1227 25th Street, N.W.
    Suite 700
    Washington, D.C. 20037
    (202) 861-1809
    Facsimile (202) 861-3509
    skatz@ebglaw.com

    Counsel to Defendant USProtect Corporation

Dated: May 21, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re: UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO.52, et al,<br><br>            Plaintiff,<br><br>   *v*.<br><br>ELAINE CHAO, Secretary U.S. Department of Labor, et al,<br><br>            Defendant. | Case No. 1:07CV00173-CKK |

**Defendant USProtect Corporation's Memorandum of Points and Authorities in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can Be Granted**

            Respectfully submitted,

            EPSTEIN BECKER & GREEN, P.C.

            /s/ Shlomo D. Katz
            Shlomo D. Katz (D.C. Bar No. 436030)
            Daniel B. Abrahams (D.C. Bar No. 375334)
            1227 25th Street, N.W.
            Suite 700
            Washington, D.C. 20037
            (202) 861-1809
            Facsimile (202) 861-3509
            skatz@ebglaw.com

            Counsel to Defendant USProtect Corporation

Dated: May 21, 2007

**TABLE OF AUTHORITIES**

**Cases**

*\*Danielsen v. Burnside-OTT Aviation Training Center, Inc.*, 941 F.2d 1220 (D.C. Cir. 1991) ............................................................................................................. 3, 4

*Carman v. Richardson et al.*, 357 F. Supp. 1148 (D. Vt. 1973) .................................................. 3

*Cartier v. Secretary of State*, 506 F.2d 191 (D.C. Cir. 1974) ..................................................... 3

*Danielson v. Dole*, 746 F. Supp. 160 (D.D.C. 1990) .................................................................. 3

*District Lodge No. 166, Int'l Ass'n of Mach. v. TWA*, 731 F.2d 711 (11th Cir. 1984) ........................................................................................................................................ 4

*International Association of Machinists & Aerospace Workers v. Hodgson*, 515 F.2d 373 (D.C. Cir. 1975) ............................................................................................... 4

*Miscellaneous Service Workers, etc. v. Philco-Ford Corp.*, 661 F.2d 776 (9th Cir. 1981) .......................................................................................................................... 4

**Statutes**

28 U.S.C. § 1361 ............................................................................................................... 1, 2, 3

41 U.S.C. § 351 *et seq* ..................................................................................................................... 1

41 U.S.C. § 354 ................................................................................................................................ 3

**Regulations**

29 C.F.R. § 4.3 ............................................................................................................................ 1, 5

Federal Acquisition Regulation § 22.1007 (48 C.F.R. § 22.1007) ............................................ 5

Federal Acquisition Regulation § 52.222-43(d) (48 C.F.R. § 52.222-43(d)) ............................ 5

**Introduction**

The United Government Security Officers of America, International Union and its Local No. 52 (collectively, the "Unions") brought this action seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel certain U.S. Government officials and agencies to comply with the March 7, 2006 Decision and Order of a U.S. Department of Labor ("DOL") Administrative Law Judge ("ALJ") in Case No. 2006-CBV-0002 (hereinafter, the "ALJ Order").  Complaint, Introduction.  The Unions also are seeking a writ of mandamus against Defendant USProtect Corporation[2] ("USProtect") to enforce the same ALJ Order.  *Id.*

The underlying ALJ Order was issued in a proceeding concerning the payment of wages under the Service Contract Act, 41 U.S.C. § 351 *et seq.*  Complaint ¶ 4.[3]  The ALJ Order stated that:

> Pursuant to the provisions of 29 C.F.R. § 4.163(c), the Administrator of the Department of Labor's Wage and Hour Division is hereby directed to promptly issue a new wage determination in accordance with this Decision and Order.

Complaint ¶ 8.  The only party directed by the ALJ Order to take any action as a result of that order is the Administrator of the Department of Labor's Wage and Hour Division.  *Id.*  And, the Administrator, has been named a defendant in this action.  Complaint, Introduction.  In contrast, USProtect was not even a party to the underlying ALJ proceeding or to the ALJ Order.  *See* ALJ Order, at 1.  (The ALJ Order, which may be found at http://www.oalj.dol.gov/Decisions/ALJ/CBV/2006/WAGE_and_HOUR_DIVISI_v_US_PROTECT_INC_and_U_2006CBV00002_(MAR_07_2006)_134836_CADEC_SD.PDF, is a public record of which the Court may take judicial

---

[2]  The Defendant is incorrectly identified in the Complaint as "U.S. Protect, Inc."

[3]  The SCA requires DOL to issue documents called "wage determinations" which specify the wages and fringe benefits to be paid to workers on U.S. Government service contracts.  *See* Complaint ¶ 15 *and see generally* 29 C.F.R. § 4.3.

notice.) And, although the Unions allege in paragraph 9 of its complaint that USProtect did not appeal the ALJ's decision, the Unions do *not* allege that USProtect even knew of the ALJ's decision. In fact, since USProtect was not a party to the ALJ proceeding, it was not even served with a copy of the ALJ Order.

For the reasons stated below, USProtect, through the undersigned counsel, now moves for dismissal of the action with respect to USProtect and respectfully submits this memorandum of points and authorities in support of that motion. As discussed in greater detail below, the Complaint against USProtect should be dismissed for three reasons.

First, the Court does not have subject matter jurisdiction to issue a writ of mandamus against USProtect pursuant to 28 U.S.C. § 1361. That law only grants the Court the right to issue a writ of mandamus against officers of the United States, which USProtect is not.

Second, the Complaint is an improper attempt to bring a private enforcement action under the SCA. In fact, it is well established that there is no private right of action under the SCA.

Finally, the Complaint attempts to enforce the ALJ Order directly against USProtect despite the fact that USProtect was not a party to the underlying ALJ proceeding and was not subject to the ALJ Order.

## Discussion

**I.  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT WITH RESPECT TO USPROTECT**

    **A.  A writ of mandamus may be obtained only against an Officer of the United States, and USProtect is not an Officer of the United States.**

The Unions have brought this action pursuant to 28 U.S.C. § 1361. Complaint ¶ 1. That statute provides:

> **Action to Compel an Officer of the United States to Perform His Duty:** The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee

of the United States or any agency thereof to perform a duty owed to the plaintiff.

"It is well established that mandamus is an extraordinary remedy to be utilized only in the clearest and most compelling cases." *Danielson v. Dole*, 746 F. Supp. 160, 166 (D.D.C. 1990) (citing *Cartier v. Secretary of State*, 506 F.2d 191, 199 (D.C. Cir. 1974)), *affirmed Danielsen v. Burnside-OTT Aviation Training Center, Inc.*, 941 F.2d 1220 (D.C. Cir. 1991). Under the federal mandamus statute, jurisdiction "is limited to compelling a Government official or agency to perform a duty owed to the plaintiff[.]" *Id.*

USProtect, as a private corporation, is not an officer of the United States and is not subject to a writ of mandamus under 28 U.S.C. § 1361. *See Carman v. Richardson et al.*, 357 F. Supp. 1148, 1157 (D. Vt. 1973).[4] Therefore, the Complaint against USProtect should be dismissed for lack of subject matter jurisdiction.

**B.  The Complaint is an improper attempt to bring a private action to enforce the Service Contract Act, a statute which does not provide for a private cause of action.**

The Unions' action is, in effect, an action for higher wages and/or for wage underpayments. However, 41 U.S.C. § 354(b) makes clear that only the Government may bring suit against a contractor for wage underpayments. Thus, in *Danielsen v. Burnside-OTT Aviation Training Center, supra*, the Court of Appeals dismissed two actions by employees under a Government service contract for wage underpayments, one of which sought the issuance of writs of mandamus to the Secretaries of Labor and the Navy. In dismissing the suits, this Court's appellate tribunal explained that "the implication of a private right under the SCA would undercut the specific remedy prescribed by Congress." 941 F.2d at 1228. Thus, federal court actions for wage underpayments can only be brought under the SCA and only by the

---

[4] Also, nothing in the Complaint suggests that USProtect owes any duties to the plaintiffs in this case.

-3-

Government, since that employees do not have a private right of action under the SCA. *See also Miscellaneous Service Workers, etc. v. Philco-Ford Corp.*, 661 F.2d 776 (9th Cir. 1981) (cited with approval and followed in *Danielsen v. Burnside-OTT Aviation Training Center*).

Likewise, in *District Lodge No. 166, Int'l Ass'n of Mach. v. TWA*, 731 F.2d 711 (11th Cir. 1984), an employee representative alleged that the Labor Department and the contracting officer had abdicated their responsibilities by failing to issue wage determinations. The plaintiffs sought to compel DOL to issue wage determinations and to enforce them retroactively. Again, the court found that there is no private right of action to enforce the SCA.

In *International Association of Machinists & Aerospace Workers v. Hodgson*, 515 F.2d 373 (D.C. Cir. 1975), a union brought an action challenging the decision of the Secretary of Labor not to issue wage determinations for a particular project pursuant to the SCA and seeking to recover damages from a contractor which had entered a contract with the National Aeronautics and Space Administration without such a wage determination. The D.C. Circuit affirmed the District Court's dismissal of that action in part "because the Act does not provide such a remedy." *Id*. at 379. In so doing, the Court noted that Congress had amended the SCA in 1972 to restrict the Secretary of Labor's discretion not to issue a wage determination, but that those amendments did "not create new remedies against contractors." *Id*. at 379 n. 9. Like the present case, the *International Association of Machinists & Aerospace Workers* case involved allegations of non-determination of wages, and, in that case, the Court found that there was no statutory private remedy.

For this reason also, the Complaint against USProtect should be dismissed with prejudice for lack of subject matter jurisdiction.

-4-

## II. THE COMPLAINT AGAINST USPROTECT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Unions' request for relief fails to state a claim upon which relief may be granted insofar as it seeks to force USProtect to comply with the ALJ Order. As noted above, the ALJ Order was directed at the Administrator of the Department of Labor's Wage and Hour Division. Complaint ¶ 8. The ALJ Order was not directed against USProtect. *Id.*

The Unions assert in their Complaint that USProtect has an independent duty to comply with the ALJ Order. Complaint ¶¶ 17, 21. However, that is clearly incorrect. USProtect's duty under the SCA is to pay the wages and fringe benefits specified in a wage determination issued by DOL and incorporated into USProtect's contract by the cognizant U.S. Government contracting officer. 29 C.F.R. §4.3(b) ("The wage rates and fringe benefits so determined for any class of service employees to be engaged in furnishing covered contract services in a locality ***shall be made applicable by contract*** to all service employees of such class employed to perform such services in the locality under any contract . . .") (emphasis added). *See also* Federal Acquisition Regulation ("FAR") § 22.1007 (48 C.F.R. § 22.1007) ("The contracting officer shall obtain wage determinations . . ."). USProtect, as a private party, cannot issue wage determinations; rather, as the ALJ found, that is the responsibility of the Administrator of the Wage and Hour Division. 29 C.F.R. § 4.3(a). And, USProtect does not decide what wage determination will be in the contract.

USProtect is nothing more than an innocent bystander to this dispute between the Unions, on the one hand, and the Departments of Labor and Homeland Security, on the other hand. USProtect takes no position in that dispute, nor does it need to, since the Federal Acquisition Regulation protects USProtect's rights in the event that DOL and the contracting officer order USProtect to pay higher wages. *See* FAR § 52.222-43(d) (48 C.F.R. § 52.222-43(d)). Perhaps

that is why the law dictates that USProtect be left out of this litigation, as reflected in the ALJ Order which did not include any directive to USProtect.

## **Conclusion**

For the foregoing reasons, the Complaint against USProtect should be dismissed with prejudice.

Respectfully submitted,

EPSTEIN BECKER & GREEN, P.C.

/s/ Shlomo D. Katz
Shlomo D. Katz (D.C. Bar No. 436030)
Daniel B. Abrahams (D.C. Bar No. 375334)
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
(202) 861-1809
Facsimile (202) 861-3509
skatz@ebglaw.com

Counsel to Defendant USProtect Corporation

Dated: May 21, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In Re: UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO.52, et al, <br><br>     Plaintiff, <br><br> *v*. <br><br> ELAINE CHAO, Secretary U.S. Department of Labor, et al, <br><br>     Defendant. | Case No. 1:07CV00173-CKK |

**Certificate required by LCvR 7.1 of the Local Rules of the
United States District Court for the District of Columbia**

 I, the undersigned, counsel of record for USProtect Corporation, certify that to the best of my knowledge and belief, the following are parent companies, subsidiaries or affiliates of USProtect Corporation which have any outstanding securities in the hands of the public:

 NONE.

        Respectfully submitted,

        EPSTEIN BECKER & GREEN, P.C.

        /s/ Shlomo D. Katz
        Shlomo D. Katz (D.C. Bar No. 436030)
        Daniel B. Abrahams (D.C. Bar No. 375334)
        1227 25th Street, N.W.
        Suite 700
        Washington, D.C. 20037
        (202) 861-1809
        Facsimile (202) 861-3509
        skatz@ebglaw.com

        Counsel to Defendant USProtect Corporation

Dated: May 21, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO.52, et al,<br><br>      Plaintiff,<br><br>  *v*.<br><br>ELAINE CHAO, Secretary U.S. Department of Labor, et al,<br><br>      Defendant. | Case No. 1:07CV00173-CKK |

## **Order**

  THIS COURT having considered Defendant USProtect Corporation's Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim upon which Relief Can Be Granted and any opposition(s) thereto, it is hereby

  ORDERED that the Complaint against Defendant USProtect Corporation is dismissed with prejudice.

                       _____

Copies to:

Shlomo D. Katz
Daniel B. Abrahams
1227 25th Street, N.W.
Suite 700
Washington, D.C. 20037
skatz@ebglaw.com

Leslie Deak
Law Offices of Leslie Deak
1200 G Street, N.W.
Suite 800, No. 099
Washington D.C. 20005
deaklaw@comcast.net

Hon. Elaine Chao
Secretary, U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Hon. Paul DeCamp
Administrator, Wage and Hour Division
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Hon. Michael Chertoff
Secretary, U.S. Department of Homeland Security
Washington, D.C. 20528

Hon. Paul R. Durette
Acting Director
Federal Protective Service
U.S. Department of Homeland Security
Washington, D.C. 20528