IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, LOCAL NO. 52, <u>et al.</u>,<br><br>          Plaintiffs,<br><br>v.<br><br>MICHAEL CHERTOFF,<br>Director,<br>United States Department of Homeland Security,<br><br>and<br><br>GARY SCHENKEL,¹<br>Director,<br>Federal Protective Service,<br>United States Department of Homeland Security,<br><br>          Defendants. | Civil Action No. 07-0173 (CKK) |

## DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendants, Michael Chertoff, Secretary of the United States Department of Homeland Security ("DHS"), and Gary Schenkel, Director of Federal Protective Service ("FPS") (collectively referred to herein as "defendants" or the "DHS defendants") respectfully submit their reply in further support of their motion to dismiss the first amended complaint in this matter.

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Gary Schenkel has been automatically substituted in lieu of Paul R. Durette as the proper defendant in this case. <u>See</u> Fed. R. Civ. P. 25(d)(1). Mr. Schenkel was sworn in as the Director of the Federal Protective Service in March, 2007.

Plaintiffs' opposition to defendants' motion, while providing an interesting, albeit slanted, view of the Service Contract Act, 41 U.S.C. § 351, et seq., (the "SCA" or "the Act"), fails to provide this Court with any statutory basis upon which to conclude that the DHS defendants had any mandatory duty to "implement" the wage determination at issue in this case. Nor do plaintiffs provide any legal basis upon which the Court could grant them a declaratory judgment regarding a letter sent by the Department of Labor ("DOL") that served to "notify" the DHS defendants of the wage determination. Rather, plaintiffs attempt to cloud the issues in this case, asking the Court to consider facts set forth in the DOL's motion for dismissal, or summary judgment, a motion that plaintiffs failed to ever address. Having failed to address those arguments, and the arguments their employer, US Protect, raised in its motion for dismissal, plaintiffs now set their sights on DHS and argue that it is in fact DHS' failure to act that has caused their current predicament. Unfortunately for plaintiffs, however, the SCA does not support their theory and the DHS defendants are entitled to dismissal of this action.

## ARGUMENT

I.  **PLAINTIFFS ARE NOT ENTITLED TO THE EXTRAORDINARY REMEDY OF MANDAMUS THAT THEY SEEK.**

Plaintiffs attempt to divert the Court's attention from the extraordinary relief they are seeking in this case. According to plaintiffs, the "'extraordinary' nature of the remedy is irrelevant[,]" Plaintiffs' Memorandum in Opposition to the Defendants' Motion to Dismiss ("Pls.' Opp'n") at 7. According to plaintiffs, they need only show a right to relief; that the defendants had a ministerial duty to act, and that no adequate remedy is available. Id. Plaintiffs' truncated view of the mandamus statute is in direct conflict with case law from this circuit as well as the Supreme Court, both of which have stressed that mandamus is an extraordinary

remedy to be issued in "only in the clearest and most compelling cases." Cartier v. Secretary of State, 506 F.2d 191, 199 (D.C. Cir. 1974), cert. denied, 421 U.S. 947 (1975). See also Heckler v. Ringer, 466 U.S. 602, 616 (1984).

Plaintiffs contend that defendants "erroneously interpret[ ] the meaning of the first part of the mandamus standard." According to plaintiffs, they need not "show they have a right to the issuance of a writ." Id. at 8. Rather, according to plaintiffs, they need only show they have "a right to the performance of the act sought to be ordered by the writ." Id. (citing Laughlin v. Reynolds, 196 F.2d 863 (D.C. Cir. 1952)). That is simply untrue. In establishing their right to mandamus relief, plaintiffs must demonstrate their entitlement to the issuance of a writ of mandamus. See West v. Spellings, 480 F. Supp. 2d 213, 217 (D.D.C. 2007) ("A plaintiff bears a heavy burden of showing that his right to a writ of mandamus is 'clear and indisputable.'").

By seeking mandamus relief in this Court, plaintiffs are seeking extraordinary relief. As discussed further, infra, they cannot establish their entitlement to this relief.

## II. NOTHING IN THE SCA REQUIRES DHS TO IMPLEMENT THE WAGE DETERMINATION.

Plaintiffs devote many pages of their opposition explaining to the Court what the allegedly true purpose of the SCA is, and how this supports plaintiffs' view that the DHS defendants have a "mandatory obligation to incorporate the wage determination into its service contract with US Protect . . . ." Pls.' Opp'n at 8.[2] Yet, plaintiffs provide no statutory support for

---

[2] Ironically, plaintiffs contend that their failure to cite the provisions of the Federal Acquisition Regulations ("FAR") that purportedly require the DHS defendants to act is excusable and can easily be remedied by amendment. Pls.' Opp'n at 8 & n.4. That plaintiffs failed to cite the applicable statutory/regulatory provision they contend imposed a mandatory duty on the defendants further supports defendants' argument that no such clear duty exists. Rather, plaintiffs provide a strained reading of the SCA and FAR to attempt to manufacture such a duty.

3

this proposition.  Plaintiffs cite 29 C.F.R. section 4.102, which provides that the Secretary of Labor is "directed to administer and enforce the provisions of the McNamara-O'Hara Service Contract Act."  Pls.' Opp'n at 9.  Yet, it is clear that this provision does not even refer to, much less indicate, any duty on the part of the DHS defendants.  Plaintiffs also cite to 29 C.F.R. section 4.165, which requires that employees covered by the Act be paid according to the applicable wage determinations.  Again, this provision does not support a finding that the DHS defendants have a duty to implement the wage determination.

Plaintiffs also attempt to rely on the FAR, 48 C.F.R. § 52.222-41(f), which provides that the compensation for workers employed under a SCA contract is "determined by the Secretary of Labor . . . as specified in any wage determination attached to this contract."  Assuming that these regulations can be found to impose a duty sufficient to support mandamus relief, the provision cited by plaintiffs lacks any language indicating that there is any obligation on the part of the DHS defendants to attach or implement the wage determination.  Plaintiffs also point to language from the FAR that states that DOL "will issue a new or revised wage determination setting forth the applicable wage rates and fringe benefits.  Such a determination shall be made a part of the contract . . . in accordance with the decision of the . . . Administrative Law Judge . . . irrespective of whether such issuance occurs prior to or after the award of the contract."  Pls.' Opp'n at 11; see also 48 C.F.R. § 52.222-41(f).  Plaintiffs contend that "[t]his provision clearly sets forth both the duty of the DOL and the contracting agency."  Id.  Yet again there is no directive to the contracting agency, in this case, DHS, contained in that provision.[3]  Thus, plaintiffs' argument

---

[3]Plaintiffs neglect to quote the remainder of the provision, which provides that "[i]n the case of a wage determination issued solely as a result of a finding of substantial variance, such determination shall be effective as of the date of the final administrative decision." 48 C.F.R. § 52.222-41(f).  To the extent plaintiffs address this provision to argue that the term "'effective'

4

that "DHS had an immediate, peremptory and ministerial duty to proceed with the attachment process so as to give effect to DOL's determination[,]" is lacking in substance.  Pls.' Opp'n at 11.

Similarly, plaintiffs' arguments that the employer has no duty to pay its employees higher wages until the contract is actually modified is belied by the FAR which states that "[t]he Contractor <u>shall notify</u> the Contracting Officer of <u>any</u> increase claimed under this clause within 30 days <u>after receiving a new wage determination</u>. . . ." 48 C.F.R. § 52.222-43(f).  Once notified, "[t]he contract price or contract unit price labor rates will be adjusted to reflect the Contractor's actual increase . . . in applicable wages . . . to the extent that the increase is made to comply with . . . [a]n increased . . . wage determination otherwise applied to the contract by operation of law."  48 C.F.R. § 52.222-43.  According to plaintiffs, the new wage determination was issued; yet plaintiffs provide no explanation why their employer had no duty to notify the Contracting Officer of the increased wages to be paid in accordance with the new wage determination.  The above FAR provision undercuts plaintiffs' argument that their employer had no independent duty to pay the higher wages absent modification of the contract.

Finally, to the extent that plaintiffs refer to arguments made by the DOL defendants, such references are without any merit.  Plaintiffs contend that the DOL defendants argued in their motion for dismissal/summary judgment, that the Secretary of Labor had performed her obligations under the Act by issuance of the letter dated August 16, 2006.  Pls.' Opp'n at 9.  According to plaintiffs, the August 16th letter was a "directive" by the Secretary of Labor to the DHS defendants, thus requiring the DHS defendants to take action.  <u>Id.</u> at 10.  However, a plain

---

does not relate to the wage determination being made a part of the contract, since only DHS can do that[,]" they provide no authority to support their constricted view of the term "effective."

reading of the letter indicates that there was no directive given to do anything. See Defendants' Motion to Dismiss the Amended Complaint ("Defs.' Mot."), Ex. B (August 16, 2006 letter). Certainly, there was no directive to the DHS defendants to "incorporate the wage determination into its service contract with US Protect . . . ." Id. at 9. Thus, even agreeing that such a letter could have imposed a mandatory duty on the DHS defendants that could be sufficient to support plaintiffs' request for mandamus relief, it is clear that the letter did not require the DHS defendants to take any action. Plaintiffs have submitted no authority for the proposition that, assuming the August 16th letter qualified as a new wage determination,[4] an issue plaintiffs chose not to litigate, that letter required the DHS defendants to modify their contract with US Protect.[5]

### III. PLAINTIFFS HAVE NOT AVAILED THEMSELVES OF THE SCA'S ADMINISTRATIVE REMEDIES.

Plaintiffs contend that they have no alternative remedy to obtain the relief they seek, i.e.,

---

[4] In fact, in DOL's motion for dismissal/summary judgment, DOL explicitly stated that a new wage determination was not issued because the rates ordered by the ALJ were greater than those listed in the DOL's existing prevailing wage determination for the locality. DOL Defendants' Memorandum of Law in Support of their Motion to Dismiss the Complaint, or in the Alternative, for Summary Judgment ("DOL's Mem.") at 4 & n.4. Thus, in lieu of issuing a revised wage determination, DOL notified the contracting agency of the new determination applicable to this specific contract via letter. Id.

[5] Defendants note that, since the filing of their motion for dismissal, DHS has in fact modified the applicable contract to incorporate the ALJ's Order. As seen in Exhibit A, on September 20, 2007, an "Amendment of Solicitation/Modification of Contract" was issued, the purpose of which was to

> incorporate the Dept of Labor's Administrative Law Judge (ALJ) Decision of 3/7/2006 into this order and contract GS09P00NZD0002. The Decision increased the hourly rate for Guard II classification in Wage Determination #9402057, and is applicable to employees covered by the CBA between USProtect and the UGSOA Local 52 which perform Guard II services only in the County of San Diego.

Ex. A, at 1.

incorporation of "the wage determination into the U.S. Protect service contract so that the employer can then proceed to pay the adjusted wages and apply for compensation for the same." Pls.' Opp'n at 18.  According to plaintiffs, the administrative provisions of the SCA contained in 29 C.F.R. § 4.191 do not apply to them because the failure of the DHS defendants to act "is not a matter concerning a violation of the Act . . . ."  Pls.' Opp'n at 19.  This argument is a bit puzzling as plaintiffs contend that the DHS defendants have failed to comply with their statutory duties, which in essence is a violation of the Act.  Furthermore, 29 C.F.R. section 4.191 permits plaintiffs to report "a violation or apparent violation of the Act, <u>or of any of the rules or regulations prescribed thereunder</u> . . . ." (Emphasis added).  Thus, to the extent that plaintiffs contend that the DHS defendants have been derelict in their duties under the SCA and/or the FAR, the SCA administrative paradigm provides a mechanism for them to air their grievances.  <u>See</u> <u>Nichols v. Mower's News Service, Inc.</u>, 492 F. Supp. 258, 261 (D. Vt. 1980) ("[I]ndividuals with grievances may bring them to the Secretary's attention by using the procedures outlined in 29 C.F.R. § 4.191.").  <u>See also</u> <u>C&E Services, Inc. v. District of Columbia Water & Sewer Auth.</u>, 310 F.3d 197, 201 (D.C. Cir. 2002) ("[D]isputes arising under the SCA must be resolved, in the first instance, by 'the statutory scheme for administrative relief set forth by Congress in the SCA' and administered by the Department of Labor.") (quoting <u>Danielsen v. Burnside-Ott Aviation Training Ctr., Inc.</u>, 941 F.2d 1220, 1226 (D.C. Cir. 1991)).  Clearly, because plaintiffs contend that the DHS defendants have failed to comply with the mandates contained in the FAR, 29 C.F.R. section 4.191 provides them with recourse to complain to the DOL about this violation, something plaintiffs have refused to do.[6]

---

[6] The fact that the DOL is not mandated by the Act to institute enforcement proceedings does not result in plaintiffs' conclusion that pursuing the SCA's administrative remedies is

**IV.  DECLARATORY RELIEF IS UNAVAILABLE TO PLAINTIFFS.**

Declaratory relief is unavailable to plaintiffs in this case for several reasons:

<u>First</u>, because plaintiffs cannot establish their entitlement to mandamus relief, the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and Federal Rule of Civil Procedure 57, cannot independently confer jurisdiction on this Court.  <u>See</u> <u>Senate Select Comm. on Presidential Campaign Activities v. Nixon</u>, 366 F. Supp. 51 & n.7 (D.D.C. 1973) (holding that the Declaratory Judgment Act nor Rule 57 of the Federal Rules of Civil Procedure "do not themselves confer jurisdiction.").

<u>Second</u>, plaintiffs' claim for relief under the Declaratory Judgment Act circumvents the SCA.  Plaintiffs cannot dispute the fact that they have no private cause of action under the SCA; nor do they dispute that the declaratory relief they seek is in essence relief under the SCA.  As previously asserted in defendants' motion to dismiss, this is not permissible.  Defs.' Mot. at 16-18.  <u>See also</u> <u>Mylan Pharm., Inc. v. Thompson</u>, 268 F.3d 1323, 1333 (D.C. Cir. 2001) (holding that where federal statute did not provide a private cause of action, party could not seek declaratory relief pursuant to that federal statute.).[7]  To the extent that plaintiffs contend that the Court is required to assume the facts contained in the amended complaint as true and that "[i]t is not appropriate at this stage to 'analyze' the declaratory judgment claim . . . ." Pls.' Opp'n at 20, plaintiffs contention is without merit.  It is beyond dispute that the Court need not accept the

---

"nothing but a hopeless dead end, the exhaustion of which would be futile at best."  Pls.' Opp'n at 19.

[7]Plaintiffs' attempt to distinguish <u>Mylan Pharm., Inc.</u>, is unsuccessful.  Pls.' Opp'n at 20. Plaintiffs attempt to distinguish this case on the basis that the decision involved review of a trial court's decision on the merits, not on a motion to dismiss.  <u>Id.</u>  As the holding in <u>Mylan Pharm., Inc.</u>, is based on a legal conclusion, plaintiffs' distinction is one without much significance.

legal conclusions contained in the complaint as true, Potts v. Howard Univ., 240 F.R.D. 14, 17 (D.D.C. 2007), and that the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Third, there is no actual controversy in this case. As argued, supra, neither the SCA nor the FAR nor the August 16th letter contain any mandate requiring the DHS defendants to incorporate the wage determination and, contrary to plaintiffs' belief, the Court is not required to take plaintiffs' legal conclusions as stated in their complaint as true. Pls.' Opp'n at 21. Thus there is no "dispute" regarding the defendants' alleged "failure to abide by [their duties] under the Act and to follow the Department of Labor's application." Id. at 22. The Declaratory Judgment Act only permits the court to exercise jurisdiction when there is an actual controversy between the parties. Citizens Elec. Co. v. Osram GMBH, 377 F. Supp. 2d 149, 152 (D.D.C. 2005) (citation omitted).

Fourth, the August 16th letter is not final agency action. Thus, it is entirely improper for the Court to issue a declaration holding that it is. Plaintiffs contend that "there are not any requirements that the agency action addressed by the proposed declaratory judgment be final or that an administrative process be concluded." Pls.' Opp'n at 23. Plaintiffs obviously have forgotten the relief they seek in their complaint. In their complaint, plaintiffs ask the Court for "[a] declaration that the DOL's interpretation of the Decision on August 16, 2006 is final and binding upon the DHS and the DHS is obligated to immediately comply with the same without modification." First Amended Complaint ("Am. Compl.") ¶ 29(B). Thus it is illogical for plaintiffs to argue that there is no requirement that the agency action be final when in fact that is

9

the declaration they seek the Court to make.

Finally, plaintiffs have afforded the Court with an ample basis for denying their request for declaratory relief. In wholly failing to address defendants' substantive arguments that the relief they seek circumvents the SCA, plaintiffs have effectively conceded defendants' arguments that no such relief can be afforded to them. Furthermore, because plaintiffs similarly sidestep defendants' arguments that the August 16th letter is not final agency action by failing to provide any substantive argument that the letter is in fact a final agency action, they have in effect conceded that the Court cannot issue a declaration that the letter is in fact final agency action. See Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.") (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also United States v. Real Prop., Parcel No.03179-005R, Civ. A. No. 01-0706, 2003 WL 224053382 at *12 (D.D.C. Oct. 21, 2003); Bancoult v. McNamara, 227 F. Supp.2d 144, 149 (D.D.C. 2002). Therefore, because plaintiffs merely contend that the Court should not analyze plaintiffs' claims for declaratory relief at the motion to dismiss stage, and do not address defendants' substantive arguments concerning why such relief is improper, the Court should deem defendants' arguments on this issue conceded and dismiss plaintiffs' claim for declaratory relief.

## CONCLUSION

For the reasons set forth above, the DHS defendants ask that the Court dismiss the complaint.

Respectfully submitted,

　　/s/ Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

　　/s/ Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

　　/s/ Michelle N. Johnson
MICHELLE N. JOHNSON, D.C. BAR # 491910
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W. – Room E4212
Washington, D.C. 20530
(202) 514-7139

COUNSEL FOR DEFENDANT