IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United Government Security Officers )<br>of America, International Union, and its )<br>Local 52 )<br>                   Plaintiffs, )<br>                             )<br>            -v-                )<br>                             )<br>Michael Chertoff, et al. )<br>                             )<br>               Defendants. ) | Civil Action No. 07-0173 (CKK) |

**PLAINTIFFS' SUPPLEMENTAL BRIEF AS ORDERED BY THE COURT**

Now come the Plaintiffs in the above captioned matter and hereby submit their Supplemental Brief as ordered by the Court. Specifically, the Court asked the Parties to address what effect, if any, does 29 C.F.R. § 4.163(c) have upon the Plaintiffs' claim for relief.

**ARGUMENT**

The Court has correctly noted that "the provision appears to indicate that once an Administrative Law Judge issues its decision, a contracting agency **must** amend its service contract to incorporate the resulting wage determination." Order at 2 (emphasis supplied). Indeed, that has been the thrust of the Plaintiffs' arguments in this case and it is the issue which the DHS has continued to avoid addressing, even in its supplemental brief.

Importantly, 29 C.F.R. § 4.163(c) sets forth the process by which an ALJ's decision from a variance hearing becomes a wage determination and is ultimately applied to a service contract. In this instance, the sequence of events contemplated by 29 C.F.R. § 4.163(c) occurred as they should until it reached the DHS. As noted in the First Amended Complaint at Paragraph 13, by letter dated August 16, 2006, Mr. Gross, Director for the DOL's Office of Wage Determinations, advised Kevin Schreiber at the DHS of ALJ Mapes' decision to increase the minimum wage rate

1

to $21.54 p/hr., and the fringe benefits rates to $2.16 p/hr for Security Guards employed on Contract Number GS-09P-00-NZD-00002 at various locations in Imperial, Riverside, San Bernardino and San Diego Counties, California. Mr. Gross also noted in his letter that, "This letter serves to notify you of the application of these rates to the referenced contract. These rates are to be paid effective March 7, 2006, the date of the ALJ *Decision and Order*." [1] This letter served to comply with the mandate of 29 C.F.R. § 4.163(c) and as such, the DHS had an affirmative obligation under 29 C.F.R. § 4.163(c) to incorporate the newly issued wage determination into its contract with U.S. Protect, which is exactly what the DOL was telling them to do.

Moreover, it is clear that the revision of the wages and benefits in question came about as the result of a Section 4(c) proceeding which in turn, under 29 C.F.R. § 4.163(c), imposes a mandatory obligation upon the contracting agency to incorporate the newly issued wage increases. As the CFR in question notes, " '…it was the clear intent of Congress that any revised wage determinations resulting from a Section 4(c) proceeding were to have validity with respect to the procurement involved' (53 Comp. Gen. 401, 402, 1973), *the solicitation, or the contract if already awarded, **must** be amended to incorporate the newly issued wage determination*." (Emphasis supplied)  Thus, the DHS had no choice but to fully adopt the increases mandated by both the ALJ and DOL for the Security Guards employed on Contract Number GS-09P-00-NZD-00002 at various locations in Imperial, Riverside, San Bernardino and San Diego Counties, California.

Accordingly, 29 C.F.R. § 4.163(c) supports the Plaintiffs' claims for relief in that it establishes, along with the other statutory and regulatory provisions noted in the Plaintiffs' prior

---

[1] DHS' argument that this provision is not applicable due to the absence of a wage determination is extremely faulty. Any reasonable reading of 29 C.F.R. § 4.163(c) indicates that it is contemplating a revision of wages resulting from an ALJ's decision from a Section 4(c) proceeding, which is exactly what happened in this instance.

briefing, that DHS has a clear duty to incorporate the wage determination into its service contract with US Protect, which was triggered by both ALJ Mapes decision issued pursuant to 29 C.F.R. § 4.163(c) and when the DOL applied the Order's rates to the subject US Protect service contract and advised DHS of the same in August 2006.

Finally, contrary to the representation of the DHS that it is in compliance with its obligations under the SCA by issuing an Amendment of Solicitation, the decision of ALJ Mapes' has still not been fully incorporated. As noted in the DHS supplemental brief, the only adjustment made thus far has been for the security guards in San Diego County. (Supp. Brief at 3, Exs. A & B) However, the adjustment is to also include the Security Guards employed on Contract Number GS-09P-00-NZD-00002 at various locations in Imperial, Riverside, and San Bernardino Counties as well. To date, that has not occurred.

## CONCLUSION

Wherefore, Plaintiffs respectfully submits that 29 C.F.R. § 4.163(c) is part and parcel of the overall statutory scheme enacted by Congress regarding both the purpose and ultimate application of the results of a Section 4(c) variance hearing. Accordingly, DHS' refusal to acknowledge its obligation under this provision lends further support to the mandamus and declaratory relief sought by the Plaintiffs in the instant action. Thus, Plaintiffs respectfully request that the Defendants' Motion to Dismiss be denied.

Respectfully submitted,

*/s/ John A. Tucker*
John A. Tucker (0052055 - OH. S.Ct.)
**John A. Tucker Co., L.P.A**
1 South Main Street, Suite 301
Akron, Ohio 44308
Phone: (330) 253-7100
Fax:    (330) 253-2500

3

jatucker@jatuckerlaw.com

and

*/s/ Leslie Deak*
Leslie Deak, Esq. [PA0009]
**Law Offices of Leslie Deak**
1016 16th Street, N.W., Suite 300
Washington, D.C.  20036
Tel.:    (202) 822-8736
Fax:    (202) 862-4432
deaklaw@comcast.com

ATTORNEYS FOR PLAINTIFFS,
INTERNATIONAL UNION, UNITED
GOVERNMENT SECURITY
OFFICERS OF AMERICA, and its LOCAL 52

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served via the Court's ECF system this 29th day of July, 2008 upon all counsel of record.

*/s/ Leslie Deak*
Leslie Deak, Esq. [PA0009]

4